11th Circuit Court Case Number: 24-13451

___

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

___

**SAMUEL LEE SMITH, JR.**
Appellant,

v.

**STUART PERKINS, et al**
Appellees.
_____/

.

Appeal from the United States District Court for the Southern District of Florida

Case No. 1:24-cv-21548-MD

___

**APPELLANT'S OPENING BRIEF**

___

**SAMUEL LEE SMITH, JR.**
Appellant Pro se
16614 SW 99 Court
Miami, Florida 33157
Tel. 305-975-1964
Email gymsam7@gmail.com

UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

SAMUEL LEE SMITH, JR.    Case Number: **24-13451**

L.t. No: **1:24-cv-21548-MD**

SAMUEL LEE SMITH, JR.
    Appellant,

v.

STUART PERKINS, et al
    Appellees.
                          /

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CIP)

11th Cir. R. 26.1-1(a) requires the appellant or petitioner to file a Certificate of Interested Persons and Corporate Disclosure Statement (CIP) with this court within 14 days after the date the case or appeal is docketed in this court, and to include a CIP within every motion, petition, brief, answer, response, and reply filed. Also, all appellees, intervenors, respondents, and all other parties to the case or appeal must file a CIP within 28 days after the date the case or appeal is docketed in this court. **You may use this form to fulfill these requirements.** In alphabetical order, with one name per line, please list all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

**Judge Melissa Damian U.S. Federal Building and Courthouse 299 East Broward Boulevard Fort Lauderdale, Florida 33301**

**Samuel Lee Smith, Jr.** ,16614 SW 99 Court Miami, Florida 33157 Tel. 305-975-1964 Email gymsam7@gmail.com

**Miami-Dade County Police Department** 9105 Northwest 25th Street, Miami, Florida 33172

**MDPO Stuart Perkins** c/o Miami Dade County Police Department 9105 Northwest 25th Street, Miami, Florida

/s/ Samuel L. Smith
SAMUEL LEE SMITH, JR.
Appellant Pro se
16614 SW 99 Court
Miami, Florida 33157
Tel. 305-975-1964
Email gymsam7@gmail.com

## Statement Regarding Oral Argument

No oral argument is being requested.

**Table Of Contents**

Page

Certificate of Interested Persons and Corporate Disclosure Statement ....................2

Statement Regarding Oral Argument ...................................................................3

Table of Contents ................................................................................................ 4

Table of Citations ................................................................................................5

Jurisdictional Statement....................................................................................... 6

Statement of the Issues ....................................................................................... 7

Summary of Argument .......................................................................................8

Statement of the Case …………………………………………………………….9

Argument…………………………………………………………………………... 10

Point I: **The district court committed reversible error when it dismissed the Appellant's complaint with prejudice when the Appellant was never served with the Order dismissing the case without prejudice with leave to amend in violation of Appellant's due process right to notice an opportunity to be heard**………………………………………………10

Conclusion……………………………………………………………………… 13

Certificate Of Compliance ................................................................................ 15

Certificate Of Service ........................................................................................16

# Table of Citations

**Cases**  Page(s)

| | |
|---|---|
| *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) | 10 |
| *Elmore v. Cooper,* 427 F. App'x 831, 833 (11th Cir. 2011) | 13 |
| *In re Hillsborough Holdings Corp.*, 172 B.R. 108, 111 (Bankr. M.D. Fla. 1994) | 13 |
| *J & J Sports Prods., Inc. v. Los Ranchos Latinos, Inc.,* No. 1:12-CV-3920-AT, 2021 WL 9638525, at *4 (N.D. Ga. Oct. 22, 2021); | 9 |
| *Jordan v. Benefits Rev. Bd. of U.S. Dep't of Lab.*, 876 F.2d 1455, 1458–59 (11th Cir. 1989) | 6 |
| *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). | 11 |
| *Smith v. Sec'y, Dep't of Corr.,* No. 20-14760, 2022 WL 392155, at *1 (11th Cir. Feb. 9, 2022) | 13 |

**Statutes and Rules**

| | |
|---|---|
| 28 U.S.C. § 1291 | |
| Federal Rule of App. P. 32 | 15 |
| 11th Cir. R. 26.1-1(a) | 3 |

## Jurisdictional Statement

This Court has jurisdiction as this is an appeal of a final judgment of dismissal. *28 USC §1291*. The final Order of dismissal with prejudice was rendered on July 24, 2024 by the Honorable Melissa Damian, United States District Court Judge for the Southern District of Florida. A timely notice of appeal was filed August 5, 2024.

## Issues on Appeal

Did the district court commit reversible error when it dismissed the Appellant's complaint with prejudice when the Appellant was not served with the Order dismissing the case without prejudice and granting leave to amend in violation of Appellant's due process right to notice an opportunity to be heard?

## SUMMARY OF ARGUMENT

The district court committed reversible error when it dismissed the Appellant's complaint with prejudice when the Appellant was not served with the Order dismissing the case without prejudice and granting leave to amend in violation of Appellant's due process right to notice an opportunity to be heard.

## Statement of the Case

On April 23, 2024, Appellant filed a complaint against the Appellee, a Miami Dade County Police Officer. The complaint alleged the Appellee violated Appellant's constitutional and civil rights by improperly serving (a petition for injunction for domestic violence) and misrepresenting that he properly served the Appellant with the same. On the same day, the complaint was filed, Appellant also petitioned the court for leave to proceed in forma pauperis.

On June 20, 2024, the lower court entered an Order that dismissed the case without prejudice for failure to state a cause of action. The Order also granted Appellant 30 days to amend the complaint. However, the Appellant was never served with a copy of the Order, either electronically or via Untied States mail. Notably, the Appellant has requested service of any court papers via his email that he registered with the Clerk of Court for the District Court, Southern District of Florida.

Since the Appellant did not receive a copy of the June 20, 2024 Order, he had no idea that the lower court dismissed the case and that he was given leave to amend within 30 days. Having no notice of the June 20, 2024, the Appellant did not take advantage of the lower court's permission to amend the complaint. As a result, the 30 days expired without filing an amended complaint.

As a result of not filing an amended complaint, on July 24, 2024. the lower court dismissed the case with prejudice. The July 24, 2024 referenced the June 20, 2024 Order, and this was the first time that the Appellant learned about the June 20, 2024 Order.

Upon learning of the dismissal with prejudice, the Appellant promptly contacted the clerk of court to find out why he was not served with an electronic copy of the June 20, 2024.

Since the clerk did not provide a copy of the June 20, 2024 Order, Appellant timely filed a notice of appeal in this case on August 5, 2024.

# ARGUMENT

## POINT I

**The district court committed reversible error when it dismissed the Appellant's complaint with prejudice when the Appellant was never served with the Order dismissing the case without prejudice with leave to amend in violation of Appellant's due process right to notice an opportunity to be heard.**

Whether a party received sufficient notice to satisfy due process is a determination of law that is reviewed *de novo*. *Jordan v. Benefits Rev. Bd. of U.S. Dep't of Lab.*, 876 F.2d 1455, 1458–59 (11th Cir. 1989).

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). A judgment is generally void if the court "acted in a manner inconsistent with due process of law." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001).

Here, Appellant asserts that his due process right to notice was violated when he did not receive a copy of the June 20, 2024 order granting him the right to amend his complaint. The failure to receive this Order via e filing or electronic mail (as desired) or by Untied States mail severely prejudiced the Appellant since he was unaware that (1) the case was dismissed without prejudice; (2) he had a right to amend to cure the deficiency in the complaint and (3) that the amended complaint has to be filed within 30 days. Had Appellant known of dismissal without prejudice with leave to amend, he certainly would have amended, just as Appellant has done in

11

many other cases that he has pending in the lower court.[1] Appellant has been labeled as a "serial filer" based on the numerous lawsuits filed against law enforcement officers who have abused their authority and have harassed, stalked, falsely detained and have racially profiled and attempted to murder the Appellant. While Appellant does not appreciate being stigmatized with the label of "serial filer" Appellant has always timely amended the complaint in all of the cases he has filed where permitted leave to amend. This case would have been no different.

Moreover, the Clerk's response to the Appellant's did not indicate that it was actually served upon the Appellant. To state that it should been sent and that I should have received it is hardly definitive that (1) it was sent and (2) that I did receive it.

The clerk of court initially directed this appeal to be considered by the appellate federal court in Washington D.C.[2] However, this case had nothing to do and no nexus to Washington D.C. The undersigned had to move to transfer the case to this Honorable Court in order to correct the clerk's error.

Appellant was especially determined to prosecute this case since the Appellee, Stuart Perkins, not only failed to properly serve the Appellant with a petition for

---

[1] Appellant has been labeled as a serial filer based on the numerous lawsuits filed against law enforcement officers who have harassed, stalked, falsely detained and have racially profiled the Appellant. While Appellant does not appreciate the label of "serial filed", Appellant has always timely amended the complaint in all of the cases he has filed where permitted leave to amend. This case would have been no different.

[2] This is not the first time clerk has made errors in my cases. Other errors from other cases include misspelled names and late filings.

injunction against domestic violence, but he falsely stated that he properly served the Appellant. The consequence of his conduct was that the Appellant lost overnight timesharing and unsupervised timesharing with his son. Additionally, Appellant was unable to see his son, was jailed over the matter, and placed a significant financial hardship for the Appellant.

Specifically, Appellant's former spouse filed a petition for a domestic violence which was a strategic filing to prevent the undersigned from seeing the parties' son. Appellee Perkins asserted that he served Appellant with the petition, when in fact he did not do so lawfully, and then misrepresented that he served the Appellant. The failure to properly serve the Appellant resulted in the Appellant missing a court date. The missed court date in turn, resulted in the Appellant having no in person contact with his son. Notably, Angelica Zayas, the judge that handled the family court case, eventually judge Jason Dimitri, set aside and vacated the injunction after Appellant filed several motions to vacate the injunction based upon improper service. *See Smith v. Smith,* Case No.: 2017-007498-FC-04 (Circuit Court 11th Judicial Circuit). However, by the time the court set dismissed the injunction the harm had already been done.

Appellant has been deprived of the ability to explain the above, and provide ever greater detail in an amended complaint because he was not provided the opportunity to do so as result of not being served with the lower court's June 20, 2024 Order. *See for example J & J Sports Prods., Inc. v. Los Ranchos Latinos, Inc.,* No. 1:12-CV-3920-AT, 2021 WL 9638525, at *4 (N.D. Ga. Oct. 22, 2021); *In re Hillsborough Holdings Corp.*,

172 B.R. 108, 111 (Bankr. M.D. Fla. 1994)( Failure to serve the Motion and Order setting the claims bar date violates the Claimants right to due process); *Smith v. Sec'y, Dep't of Corr.,* No. 20-14760, 2022 WL 392155, at *1 (11th Cir. Feb. 9, 2022); *Elmore v. Cooper,* 427 F. App'x 831, 833 (11th Cir. 2011).

Since the Appellant did not receive notice of the Court's June 20, 2024 Order, the Order dismissing the case with prejudice should be reversed and remanded to the lower court vacating the order of dismissal, or in the alternative, grant Appellant a hearing on whether the July 24, 2024 Order should be set aside and vacated for violating Appellant's due process right to notice and opportunity to be heard.

## Conclusion

This Honorable Court should reverse the lower court's Order dismissing the case with prejudice and remand the case to the lower court to either vacate the Order dismissing the complaint and granting Appellant 30 days to amend the complaint, or alternatively, grant Appellant a hearing on whether the July 24, 2024 Order Dismissing the Case With Prejudice should be set aside and vacated for violating Appellant's due process right to notice and opportunity to be heard since the Appellant would have amended the complaint as he has always done in the past.

    Respectfully submitted,

    /s/ Samuel L. Smith
    SAMUEL LEE SMITH, JR.
    Appellant Pro se
    16614 SW 99 Court

Miami, Florida 33157  
Tel. 305-975-1964  
Email [gymsam7@gmail.com](mailto:gymsam7@gmail.com)

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

## Type-Volume

[x] This brief complies with the line limit of FRAP 32 excluding the parts of the brief exempted by FRAP 32(f) and his brief uses a monospaced lines of text.

## Typeface and Type-Style

[x] This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6).


/s/ Samuel L. Smith
SAMUEL LEE SMITH, JR.
Appellant Pro se

## CERTIFICATE OF SERVICE

I HERBEY CERTIFY that a correct and rue copy of the foregoing was mailed via US mail to Stuart Perkins, c/o Miami-Dade County Police Department 9105 Northwest 25th Street, Miami, Florida 33172 on February 3, 2025

/s/ Samuel L. Smith
SAMUEL LEE SMITH, JR.